UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. GODWIN, CDCR #AS-4717,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>RAYMOND LOERA, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-02001-LAB-BLM<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

　　Plaintiff Jeremy J. Godwin ("Plaintiff"), currently incarcerated at Chuckawalla Valley State Prison, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* ECF No. 1, Compl.)

**I.　　Failure to Pay Filing Fee or Request *In Forma Pauperis* ("IFP") Status**

　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

///

1  $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to
2  prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP")
3  pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051
4  (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the
5  Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he
6  remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*,
7  775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately
8  dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847
9  (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action.  Although Plaintiff has filed a Motion for Leave to Proceed IFP, (*see* ECF No. 2), albeit on a form created for filing in the Central District of California, he has not attached "a certified copy of the trust account statement (or institutional equivalent) for [Plaintiff] for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined" as required by 28 U.S.C. Section 1915(a)(2).  The trust account statements attached to Plaintiff's Motion to Proceed IFP are not certified and are dated a month before the Complaint was filed.  (*See* ECF No. 2, at 3-4.)  Without the certified trust account statements from the proper period, the Court cannot determine whether Plaintiff is entitled to proceed IFP or assess what, if any, initial partial filing fee may be due.  *See* 28 U.S.C. § 1915(a), (b)(1).  As a result, Plaintiff's case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

## II.   Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)   **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. Section 1914(a) and Section 1915(a); and

(2)   **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a properly supported Motion to Proceed IFP.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit a properly supported Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. Section 1914(a) and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: November 2, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge