UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. GODWIN, CDCR #AS4717,<br><br>                    Plaintiff,<br><br>v.<br><br>RAYMOND LOERA; GILBERT OTERO; JUAN CABANILLAS; JODY MILLER,<br><br>                    Defendants. | Case No.: 3:20-cv-2001-LAB-BLM<br><br>**ORDER:**<br><br>**1) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. SECTION 1915(a) [ECF No. 7];**<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. SECTION 1915A(b)** |

Jeremy J. Godwin ("Plaintiff"), currently incarcerated at Chuckawalla Valley State Prison, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* FAC, ECF No. 5.)

Although Plaintiff submitted a motion for leave to proceed in forma pauperis ("IFP") shortly after filing his operative complaint, (*see* ECF No. 7), Plaintiff has since paid the $402 filing fee required by 28 U.S.C. Section 1914(a). (*See* ECF No. 9.) Accordingly, Plaintiff's motion for leave to proceed IFP is **DENIED AS MOOT**.

\\\

## I.     Factual Allegations

Plaintiff's First Amended Complaint focuses on alleged constitutional violations that occurred during a series of state criminal prosecutions.[1]  Plaintiff alleges that at a 2012 trial, Defendants Imperial County District Attorney Gilbert Otero[2] and Assistant District Attorney Jody Miller called a 12-year-old alleged victim as a witness.  (*See* FAC at 3.)  Plaintiff does not allege what crime he was accused of, but he does explain that he was acquitted "on all charges brought . . . by [the alleged victim] . . . ."  (*See id.* at 3.)  In Plaintiff's view, this can mean one of only two things:  Either someone else committed the crimes that he was accused of or the alleged victim recanted his testimony.  (*See id.*)  Plaintiff alleges that either way, prosecutors possess exculpatory evidence that should have been turned over to his defense.  (*See id.*)  Because this alleged evidence has never been turned over, Plaintiff argues that he is the victim of a conspiracy and prosecutorial misconduct, and received ineffective assistance of counsel.  (*See id.*)  Plaintiff requests his "exculp[a]tory evidence" so he can use it in filing a petition for writ of habeas corpus.  (*See id.* at 4.)

Plaintiff makes similar allegations regarding the 2012 trial testimony of another

---

[1] The sequence of events alleged in Plaintiff's First Amended Complaint is somewhat unclear, but as best as the Court can determine, Plaintiff pleaded guilty to unspecified state charges in 1998.  (*See* FAC at 6 (discussing a "1998 plea bargain contract").)  In 2012, Plaintiff was tried on additional unspecified charges.  (*See id.* at 3.)  The jury acquitted Plaintiff of some charges and hung on others.  (*See id.* at 3, 6.)  In 2013, Plaintiff was retried on the charges on which the 2012 jury hung, and apparently convicted.  (*See id.* at 6.)

[2] Plaintiff identifies Defendant Otero as "Gilbert Othero" throughout his First Amended Complaint.  The Court finds, based on a government website subject to judicial notice, that the correct spelling of Defendant's name is "Gilbert Otero."  *See Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1084 n.1 (S.D. Cal. 2016) ("[T]he court can take judicial notice of 'public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.'" (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1101, 1033 (C.D. Cal. 2015)); *see also* Imperial County District Attorney, https://da.imperialcounty.org (last accessed Jan. 25, 2021).  Accordingly, the Court **DIRECTS** the Clerk of the Court to correct the spelling of Defendant Otero's name in the caption.

alleged victim. (*See id.* at 5.) Unlike the prior issue, Plaintiff does not allege whether he was convicted or acquitted of these allegations. (*See id.*) Regardless, Plaintiff explains that he provided alibi evidence at trial, and that Defendants Otero and Miller hid exculpatory evidence from him. (*See id.*) Plaintiff also complains that an alternate suspect he suggested was ignored. (*See id.*) Again, Plaintiff seeks to have this alleged exculpatory evidence turned over. (*See id.*)

Finally, Plaintiff alleges that Defendants Otero and Miller, along with Defendant Raymond Loera, Imperial County Sheriff, and Defendant Juan Cabanillas, an investigative detective, failed to turn over additional documents that should have been produced under California Penal Code Section 1054.1 in connection with a 2013 trial. (*See id.* at 6.) The documents Plaintiff seeks would allegedly have undermined the testimony of a witness at the trial. (*See id.*) Additionally, in Plaintiff's view, this evidence would have rendered a 1998 plea agreement he entered into void. (*See id.*) Again, Plaintiff complains that he received ineffective assistance of counsel, and demands that this evidence be turned over to him. (*See id.* at 7.)

Plaintiff characterizes the relief he seeks as an injunction preventing Defendants from continuing "to hide this exculp[a]tory evidence from [him]." (*See id.* at 9.) He also demands that he be "repa[id] for having to file this [case] when [Defendants] were, by law, [sic] should have given me this evidence." (*See id.*)

## II.    Screening pursuant to 28 U.S.C. Section 1915A

A. <u>Standard of Review</u>

The Court must conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. Section 1915A because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of

Section 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dep't of Corrs.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

B. <u>Analysis</u>

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

As mentioned, Plaintiff's claims in Count I are premised on alleged failures to turn over exculpatory evidence in a criminal case in which Plaintiff was acquitted. (*See* FAC at 3.) Because Plaintiff was acquitted, however, any claims for failure to turn over evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) must be dismissed. "To state a [Section 1983] claim under *Brady*, the plaintiff must allege that (1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced plaintiff." *Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011). "A majority of federal circuit courts have held that a conviction is required to establish prejudice for a § 1983 claim based on a *Brady* violation." *See Ward v. City of Barstow*, No. EDCV-15-00444-DSF (KES), 2017 WL 4877389, at *15 (C.D. Cal. June 23, 2017) (collecting cases), *report & recommendation adopted by* 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017). "The Ninth Circuit has indicated agreement with this position, although not in a published opinion." *See id.* (citing *Puccetti v. Spencer*, 476 F. App'x 658, 660 (9th Cir. 2011); *Smith*, 640 F.3d at 941-45 (Gwin, J., concurring specially)). Other district courts within the Ninth Circuit

have reached the same conclusion. *See, e.g.*, *Bassett v. City of Burbank*, No. 14-01348-SVW-CW, 2014 WL 12573844, at *2 (C.D. Cal. Sept. 11, 2014) (dismissing *Brady* claim after criminal charges were dropped); *Dinius v. Perdock*, No. 10-3498, 2012 WL 1925666, at *6 (N.D. Cal. May 24, 2012) (dismissing *Brady* claim where plaintiff was acquitted in criminal case). The Court agrees with these authorities, and therefore dismisses Count I of Plaintiff's First Amended Complaint[3] for failure to state a claim pursuant to 28 U.S.C. Section 1915A(b). (*See* FAC at 3.)

In Count II, Plaintiff does not allege whether he was convicted or acquitted of the relevant charges, but the Court liberally construes his First Amended Complaint as alleging that he was convicted. Nevertheless, "[t]o state a *Brady* claim, [Plaintiff] is required to do more than 'merely speculate' about" the existence of alleged exculpatory or impeachment evidence. *Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012); *see also Barker v. Fleming*, 423 F.3d 1085, 1099 (9th Cir. 2005) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." (quoting *United States v. Croft*, 124 F.3d 1109, 1124 (9th Cir. 1997)). Plaintiff's theory—that there must be some undisclosed exculpatory evidence in Defendants' possession because Plaintiff provided alibi evidence at trial—strains basic logic and is inherently speculative. Without additional factual allegations demonstrating that material exculpatory or

---

[3] The same result is required to the extent Plaintiff separately alleges that it was a violation of state statutory requirements to fail to turn over exculpatory evidence. "As a general rule, a violation of state law does not lead to liability under § 1983." *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998). Although Plaintiff alleges that Defendants' actions violated California Penal Code Section 1054.1(e), as other courts have concluded, the duty imposed by similar statutes "is a matter of state law and cannot form the basis of a federal claim under § 1983." *See Ward*, 2017 WL 4877389, at *16 (discussing similar duties imposed by California Penal Code Section 1054.5). Furthermore, although Plaintiff suggests that he received ineffective assistance of counsel, he does not name his attorney as a party and, in any event, defense counsel are not ordinarily proper parties to Section 1983 suits because they do not act "under color of state law." *See, e.g.*, *Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (holding that a public defender was not a state actor subject to suit under Section 1983 because "his function was to represent his client, not the interests of the state or county.").

impeachment evidence actually exists and was withheld, and that the failure to disclose that evidence prejudiced Plaintiff, Count II fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

Count III of Plaintiff's First Amended Complaint offers significantly more detail than either of the preceding Counts. Plaintiff identifies four documents that he alleges were not disclosed and asserts, in sum and substance, that these documents would have been useful in impeaching the testimony of a witness at one of Plaintiff's trials and would render a plea agreement he entered into in 1998 invalid. (*See* FAC at 6.) This claim, and Plaintiff's claim in Count II of his First Amended Complaint, must be dismissed because they are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff cannot bring a civil rights action for damages for wrongful conviction or for harms that would "necessarily imply" the invalidity of the plaintiff's criminal conviction or sentence unless that conviction or sentence has previously been invalidated. *See id.* at 486-87. Plaintiff's First Amended Complaint does not seek an award of damages, and instead seeks declaratory and injunctive relief directing that the allegedly withheld evidence be turned over. (*See* FAC at 9.) The Supreme Court has since clarified, however, that the *Heck* rule applies to claims for declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Although some additional explanation is required, the same conclusion applies to Plaintiff's claims for injunctive relief.

A case involving similar allegations to those at issue here, *Pina v. Carr*, No. C 08-268 SI (pr), 2008 WL 4447695 (N.D. Cal. Sept. 29, 2008), is instructive in understanding why *Heck* applies to Plaintiff's request for an injunction directing that the allegedly withheld documents be turned over. In *Pina*, the plaintiff "want[ed] the court to order the production of documents so that he [could] later present a *Brady* claim or develop support for his prosecutorial misconduct claims" in habeas proceedings. *Id.* at *6. Distinguishing two decisions from the Ninth Circuit permitting Section 1983 claims for post-conviction access to DNA, the Court concluded that *Heck* barred the plaintiff's claim because "a

determination that [plaintiff] is entitled to injunctive relief because his constitutional right to *Brady* evidence was violated would necessarily demonstrate the invalidity of [his] conviction. *Id.* at *7; *see also id.* at *6 (discussing *Osborne v. District Attorney's Office*, 423 F.3d 1050 (9th Cir. 2005) and *Osborne v. District Attorney's Office*, 521 F.3d 1138 (9th Cir. 2008), *rev'd on other grounds sub nom. District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52 (2009) (*Osborne II*)). Unlike those Ninth Circuit decisions, which reasoned that a Section 1983 claim premised on the denial of *post-conviction* DNA evidence was "altogether separate from any claim the plaintiff might assert in a habeas corpus action challenging the validity of his conviction," and therefore not barred by *Heck*, the *Pina* court explained that *Brady* material is by definition favorable material evidence. *Pina*, 2008 WL 4447695, at *7. Accordingly, if the plaintiff were to prove that this favorable material evidence was withheld at the time of his trial and conviction, that would "necessarily prove that plaintiff's rights under *Brady* had been violated," the precise outcome *Heck* seeks to prevent. *See id.* As a result, the *Pina* court dismissed the plaintiff's Section 1983 claims pursuant to 28 U.S.C. Section 1915A without further leave to amend.

The Court finds the *Pina* Court's reasoning persuasive, and applicable to Plaintiff's claims in both Counts II and III of his First Amended Complaint. Although the injunctive relief Plaintiff seeks is not the type of damages claim ordinarily barred by *Heck*, the Supreme Court's reasoning applies with equal force to Plaintiff's case. If the Court were to find in Plaintiff's favor on his *Brady* claims, and conclude that prosecutors and investigators withheld material exculpatory or impeachment evidence that would "render[] [Plaintiff's] 1998 plea bargain . . . null and v[oi]d," and make evidence at his 2013 trial "inadmissible . . . , ha[ve] [his] prior [conviction] stric[ken] and eliminated enhancements," that would "necessarily imply" the invalidity of Plaintiff's prior convictions and sentences. (*See* FAC at 6-7; *see also id.* at 5.) Additionally, like in *Pina*, Plaintiff explains that he seeks to use these allegedly withheld document in habeas proceedings. (*See* FAC at 4.) Under these circumstances, *Heck* bars both Counts II and

III of Plaintiff's First Amended Complaint.[4]

### III. Conclusion and Orders

For the reasons set forth above, the Court hereby:

1. **DENIES** as moot Plaintiff's Motion to Proceed IFP (ECF No. 7).

2. **DISMISSES** this civil action for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915A(b)(1).

3. **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

---

[4] The Court would reach the same result if Plaintiff were to reframe his claims as arising under the Due Process Clause of the Fourteenth Amendment, and not the fair trial right articulated in *Brady*. As other courts have held, plaintiffs do not have a freestanding right to exculpatory evidence distinct from *Brady*. *See Thames v. L.A. Police Dep't*, No. CV 08-1044 RGK (MLG), 2008 WL 2641361, at *4 (C.D. Cal. June 30, 2008); *see also Osborne II*, 557 U.S. at 69 (explaining that a post-conviction Section 1983 plaintiff's "right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief. *Brady* is the wrong framework.").

the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

4. **DIRECTS** the Clerk of the Court to correct the spelling of Defendant Otero's name in the case caption.

**IT IS SO ORDERED**.

Dated: February 8, 2021

*Larry A. Burns*
Hon. Larry A. Burns
United States District Judge