UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. GODWIN, CDCR #AS4717,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND LOERA; GILBERT OTERO; JUAN CABANILLAS; JODY MILLER,<br><br>Defendants. | Case No.: 3:20-cv-2001-LAB-BLM<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 11)** |

Jeremy J. Godwin ("Plaintiff"), currently incarcerated at Chuckawalla Valley State Prison, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* FAC, ECF No. 5.) The Court previously dismissed Plaintiff's First Amended Complaint (ECF No. 7) for failure to state a claim pursuant to 28 U.S.C. Section 1915A(b) and granted leave to amend. (*See* ECF No. 10, at 8-9.) Plaintiff timely filed a Second Amended Complaint (ECF No. 11, SAC.)

1

# I. Screening pursuant to 28 U.S.C. Section 1915A

## A. Standard of Review

The Court must conduct an initial review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. Section 1915A because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of Section 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dep't of Corrs.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

## B. Factual Allegations

Plaintiff's Second Amended Complaint focuses on the alleged failure of members of the Imperial County District Attorney's Office and Sheriff's Department to turn over exculpatory evidence to Plaintiff during a 2012 criminal prosecution. (*See* SAC at 3.)

As with Plaintiff's First Amended Complaint, the events alleged in the Second Amended Complaint are confusing. As best as the Court can tell, Plaintiff stood trial in 2012 for several unspecified offenses. (*See id.*) At trial, the prosecution presented by the testimony from two witnesses who claimed that Plaintiff had committed the charged offenses. (*See id.*) Additionally, a 1998 conviction was also allegedly "offered up" by prosecutors, who "failed to turn over some of the documents from that case[, n]amely the

\\\

2

3:20-cv-2001-LAB-BLM

child protective service report, the interv[iew] report from [a detective], the arresting officer[']s report, and the Imperial Co. jail's booking report." (*See id.* at 3-4.)

Plaintiff alleges that he provided an alibi, and that the trial ended in a mistrial, at least as to some of the offenses. (*See id.* at 3 (explaining that the trial ended "in an acquittal" on some claims "and a hung jury" on others).) In Plaintiff's view, his alibi, the failure to charge another suspect, and the apparent decision not to re-try Plaintiff, demonstrates that there "is [a] suspect [Defendants] are protecting OR [one of the witnesses] recant[ed] her claim" that Plaintiff committed the offense. (*See id.* at 4.) Plaintiff alleges that this information, and perhaps the documents from the 1998 case described earlier in the Second Amended Complaint, are exculpatory evidence within the meaning of the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963), and should be turned over to him. (*See id.* at 4-6.)

According to Plaintiff, if this evidence were turned over, it "would have produced a different ending other than [a] mistrial." (*See id.* at 5.) As a result, Plaintiff contends that this claim is not barred either by *Brady* or the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) as the Court concluded, at least in part, in dismissing his First Amended Complaint. (*See id.* at 5; *see also* ECF No. 10, at 4-7.)

Plaintiff seeks an injunction directing that the withheld evidence be turned over to him and repayment of the costs incurred in pursuing this action. (*See* SAC at 8.)

C. <u>Analysis</u>

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

As mentioned, Plaintiff's claims are premised on the alleged failure to turn over exculpatory evidence in criminal proceedings in violation of the Supreme Court's decision in *Brady*. "To state a [Section 1983] claim under *Brady*, the plaintiff must allege that (1)

the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced plaintiff." *Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011). "A majority of federal circuit courts have held that a conviction is required to establish prejudice for a § 1983 claim based on a *Brady* violation." *See Ward v. City of Barstow*, No. EDCV-15-00444-DSF (KES), 2017 WL 4877389, at *15 (C.D. Cal. June 23, 2017) (collecting cases), *report & recommendation adopted by* 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017). "The Ninth Circuit has indicated agreement with this position, although not in a published opinion." *See id.* (citing *Puccetti v. Spencer*, 476 F. App'x 658, 660 (9th Cir. 2011); *Smith*, 640 F.3d at 941-45 (Gwin, J., specially concurring)). Other district courts within the Ninth Circuit have reached the same conclusion. *See, e.g.*, *Bassett v. City of Burbank*, No. 14-01348-SVW-CW, 2014 WL 12573844, at *2 (C.D. Cal. Sept. 11, 2014) (dismissing *Brady* claim after criminal charges were dropped); *Dinius v. Perdock*, No. 10-3498, 2012 WL 1925666, at *6 (N.D. Cal. May 24, 2012) (dismissing *Brady* claim where plaintiff was acquitted in criminal case).

In Plaintiff's view, these authorities do not bar his claim because the jury acquitted him on some counts and hung on others. (*See* SAC at 5 (explaining that a mistrial is not a conviction and does not foreclose further criminal proceedings, so it is "not a win for the def[endant] . . . .").) In *Smith v. Almada*, 640 F.3d 931 (9th Cir. 2011), the Ninth Circuit left open the question of whether a conviction is a prerequisite for a post-trial *Brady* claim. *See id.* at 941 (Gould, J., concurring); *see also id.* at 941-43 (Gwin, J., specially concurring) (summarizing the conclusions of several other circuits foreclosing *Brady* claims in the absence of a criminal conviction). Nevertheless, as the Supreme Court has observed, a violation of the trial right guaranteed by *Brady* requires "that the favorable evidence could reasonably be taken to put the whole case in such a different light *as to undermine confidence in the verdict*." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995) (emphasis added). As Judge Gwin put it in *Smith*, a case rejecting *Brady* claims stemming from a criminal case ending in a mistrial, "extending *Brady* to cases without a conviction" makes this

4

3:20-cv-2001-LAB-BLM

the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced plaintiff." *Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011). "A majority of federal circuit courts have held that a conviction is required to establish prejudice for a § 1983 claim based on a *Brady* violation." *See Ward v. City of Barstow*, No. EDCV-15-00444-DSF (KES), 2017 WL 4877389, at *15 (C.D. Cal. June 23, 2017) (collecting cases), *report & recommendation adopted by* 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017). "The Ninth Circuit has indicated agreement with this position, although not in a published opinion." *See id.* (citing *Puccetti v. Spencer*, 476 F. App'x 658, 660 (9th Cir. 2011); *Smith*, 640 F.3d at 941-45 (Gwin, J., specially concurring)). Other district courts within the Ninth Circuit have reached the same conclusion. *See, e.g.*, *Bassett v. City of Burbank*, No. 14-01348-SVW-CW, 2014 WL 12573844, at *2 (C.D. Cal. Sept. 11, 2014) (dismissing *Brady* claim after criminal charges were dropped); *Dinius v. Perdock*, No. 10-3498, 2012 WL 1925666, at *6 (N.D. Cal. May 24, 2012) (dismissing *Brady* claim where plaintiff was acquitted in criminal case).

In Plaintiff's view, these authorities do not bar his claim because the jury acquitted him on some counts and hung on others. (*See* SAC at 5 (explaining that a mistrial is not a conviction and does not foreclose further criminal proceedings, so it is "not a win for the def[endant] . . . .").) In *Smith v. Almada*, 640 F.3d 931 (9th Cir. 2011), the Ninth Circuit left open the question of whether a conviction is a prerequisite for a post-trial *Brady* claim. *See id.* at 941 (Gould, J., concurring); *see also id.* at 941-43 (Gwin, J., specially concurring) (summarizing the conclusions of several other circuits foreclosing *Brady* claims in the absence of a criminal conviction). Nevertheless, as the Supreme Court has observed, a violation of the trial right guaranteed by *Brady* requires "that the favorable evidence could reasonably be taken to put the whole case in such a different light *as to undermine confidence in the verdict*." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995) (emphasis added). As Judge Gwin put it in *Smith*, a case rejecting *Brady* claims stemming from a criminal case ending in a mistrial, "extending *Brady* to cases without a conviction" makes this

standard "far less workable," because it would require "a calculation (whether there is a reasonable probability that the undisclosed evidence would have caused *all* the jurors to acquit)" that is "significantly different from the calculation in a post-conviction *Brady* claim (whether there is a reasonable probability that the undisclosed evidence would have caused a single juror to vote to acquit)." *See Smith*, 640 F.d at 943-44 (Gwin, J., specially concurring).

The Court finds this reasoning persuasive, as have other district courts in the Ninth Circuit facing *Brady* claims stemming from dismissed charges. *See, e.g.*, *Ward*, 2017 WL 4877389, at *16 (concluding Plaintiff could not demonstrate prejudice for *Brady* purposes because criminal case was dismissed by district attorney after charging); *Bassett*, 2014 WL 12573844, at *2 (*Brady* claim barred because criminal proceedings were dropped before charging). Because Plaintiff was not convicted at trial, and the proceedings instead ended in a hung jury, the Court concludes that Plaintiff cannot state a claim under *Brady*.[1]

---

[1] As the Court concluded in addressing Plaintiff's First Amended Complaint, the same result is required to the extent Plaintiff separately alleges that it was a violation of state statutory requirements to fail to turn over exculpatory evidence. "As a general rule, a violation of state law does not lead to liability under § 1983." *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998). Although Plaintiff alleges that Defendants' actions violated California Penal Code Section 1054.1(e), as other courts have concluded, the duty imposed by similar statutes "is a matter of state law and cannot form the basis of a federal claim under § 1983." *See Ward*, 2017 WL 4877389, at *16 (discussing similar duties imposed by California Penal Code Section 1054.5). Furthermore, although Plaintiff suggests that he received ineffective assistance of counsel, he does not name his attorney as a party and, in any event, defense counsel are not ordinarily proper parties to Section 1983 suits because they do not act "under color of state law." *See, e.g.*, *Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (holding that a public defender was not a state actor subject to suit under Section 1983 because "his function was to represent his client, not the interests of the state or county.").

Similarly, the Court rejects any attempt to recharacterize the allegations in the Second Amended Complaint as arising under the Due Process or Equal Protection clauses of the Fourteenth Amendment. (*See* SAC at 3 (alleging violations of due process and equal protection as well as the right to a fair trial).) As other courts have held, plaintiffs do not have a freestanding right to exculpatory evidence distinct from *Brady*. *See Thames v. L.A. Police Dep't*, No. CV 08-1044 RGK (MLG), 2008 WL 2641361, at *4 (C.D. Cal. June 30, 2008); *see also Osborne II*, 557 U.S. at 69 (explaining that a post-conviction Section 1983 plaintiff's "right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief. *Brady* is the wrong framework.").

Even if a *Brady* claim could lie in the absence of a criminal conviction, however, the Court would still find that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted. As the Court noted in dismissing Plaintiff's First Amended Complaint, "[t]o state a *Brady* claim, [Plaintiff] is required to do more than 'merely speculate' about" the existence of alleged exculpatory or impeachment evidence. *Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012); *see also Barker v. Fleming*, 423 F.3d 1085, 1099 (9th Cir. 2005) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." (quoting *United States v. Croft*, 124 F.3d 1109, 1124 (9th Cir. 1997)). Like Plaintiff's First Amended Complaint, his Second Amended Complaint assumes "that there must be some undisclosed exculpatory evidence in Defendants' possession because Plaintiff provided alibi evidence at trial," the jury hung, and since then neither Plaintiff nor anyone else has been charged for or convicted of the offenses charged in Plaintiff's 2012 trial. (*See* ECF No. 10, at 5; *see also* SAC at 4.) As the Court previously held, this theory is inherently speculative—there are any number of potential reasons why prosecutors may have chosen not to pursue those charges further without, as Plaintiff puts it, "protecting" another suspect or concealing that Plaintiff's accuser recanted her testimony. (*See* ECF No. 10, at 5; *see also* SAC at 4.) As a result, Plaintiff fails to adequately allege the existence of material exculpatory evidence. Relatedly, Plaintiff's sole allegation of materiality, that "[h]ad these items of exculpatory evidence not been hidden the trial would have produced a different ending other than a mistrial," is conclusory and fails to plausibly allege that the trial would in fact have ended in a different outcome had the alleged exculpatory evidence been disclosed. (*See* SAC at 5.)

Accordingly, because Plaintiff fails plausibly to allege that material exculpatory or impeachment evidence actually exists and was withheld, and that the failure to disclose that evidence prejudiced Plaintiff, the Second Amended Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

D. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies and an opportunity to amend those claims — which he has failed to do — the Court finds that granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## II. Conclusion and Orders

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. Section 1915A(b)(1); and

2) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: June 7, 2021

*Larry A. Burns*
Hon. Larry A. Burns
United States District Judge